AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Southern District of Florida

OCT 16 2000

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| **KENELY TESTAMARK** | Case Number: **0:00CR06121-001** |
| | Maury Halperin |
| | Defendant's Attorney |

**THE DEFENDANT:**

[x] pleaded guilty to count(s)   **One of the Indictment**

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252 A(a)(5)(B) | POSSESSION OF CHILD PORNOGRAPHY | 11/16/1999 | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[x] Count(s) **ALL OTHERS** _____ are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   **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**
Defendant's Date of Birth:   **05/25/1969**
Defendant's USM No.:   **55305-004**
Defendant's Residence Address:
**837 N. Victoria Park Road**
**Apt. #2**
**Ft. Lauderdale               FL     33304**

Defendant's Mailing Address:
**837 N. Victoria Park Road**
**Apt. #2**
**Ft. Lauderdale               FL     33304**

10/13/2000
Date of Imposition of Judgment

Signature of Judicial Officer

**WILKIE D. FERGUSON, JR.,**
**UNITED STATES DISTRICT JUDGE**
Name & Title of Judicial Officer

Oct. 15, 2000
Date

DEFENDANT: **KENELY TESTAMARK**
CASE NUMBER: **0:00CR06121-001**

## PROBATION

The defendant is hereby placed on probation for a term of     **3**    year(s)

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

    ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).
*See Special Conditions of Supervision - Page 3*

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **KENELY TESTAMARK**
CASE NUMBER: **0:00CR06121-001**

## SPECIAL CONDITIONS OF SUPERVISION

**THE DEFENDANT SHALL PARTICIPATE IN THE HOME DETENTION ELECTRONIC MONITORING PROGRAM FOR A PERIOD OF 6 MONTHS. DURING THIS TIME THE DEFENDANT SHALL REMAIN AT HIS OR HER PLACE OF RESIDENCE EXCEPT FOR EMPLOYMENT AND OTHER ACTIVITIES APPROVED IN ADVANCE BY THE UNITED STATES PROBATION OFFICER. THE DEFENDANT SHALL MAINTAIN A TELEPHONE AT HIS OR HER PLACE OF RESIDENCE WITHOUT CALL FORWARDING, CALL WAITING, A MODEM, CALLER ID, OR CALL BACK/CALL BLOCK SERVICES FOR THE ABOVE PERIOD. THE DEFENDANT SHALL WEAR AN ELECTRONIC MONITORING DEVICE AND FOLLOW THE ELECTRONIC MONITORING PROCEDURES SPECIFIED BY THE UNITED STATES PROBATION OFFICER. IN ADDITION, THE DEFENDANT SHALL PAY THE COST OF ELECTRONIC MONITORING AT THE RATE OF $ (4.25) EACH DAY.**

**THE DEFENDANT SHALL PARTICIPATE IN AN INPATIENT/OUTPATIENT MENTAL HEALTH TREATMENT PROGRAM AS DIRECTED BY THE U.S. PROBATION OFFICER. THE DEFENDANT WILL CONTRIBUTE TO THE COSTS OF SERVICES RENDERED (COPAYMENT) IN AN AMOUNT DETERMINED BY THE PROBATION OFFICER, BASED ON ABILITY TO PAY OR AVAILABILITY OF THIRD PARTY PAYMENT.**

**THE DEFENDANT SHALL HAVE NO UNSUPERVISED CONTACT WITH PERSONS UNDER THE AGE OF 18.**

**THE DEFENDANT SHALL NOT BE EMPLOYED IN A JOB REQUIRING CONTACT WITH PERSONS UNDER THE AGE OF 18.**

**THE DEFENDANT SHALL NOT BE INVOLVED IN ANY CHILDREN'S YOUTH ORGANIZATION.**

**THE DEFENDANT SHALL SUBMIT TO A SEARCH OF HIS PERSON OR PROPERTY CONDUCTED IN A REASONABLE MANNER AND AT A REASONABLE TIME BY THE U.S. PROBATION OFFICER.**

**THE DEFENDANT SHALL NOT BUY, SELL, EXCHANGE, POSSESS, TRADE OR PRODUCE VISUAL DEPICTIONS OF MINORS OR ADULTS ENGAGED IN SEXUALLY EXPLICIT CONDUCT. FURTHER, THE DEFENDANT SHALL NOT CORRESPOND OR COMMUNICATE IN PERSON, BY MAIL, TELEPHONE OR COMPUTER WITH INDIVIDUALS OR COMPANIES OFFERING TO BUY, SELL, TRADE, EXCHANGE, OR PRODUCE VISUAL DEPICTIONS OF MINORS OR ADULTS ENGAGED IN SEXUALLY EXPLICIT CONDUCT.**

**THE DEFENDANT SHALL FORFEIT ALL RIGHTS TO HIS PERSONAL COMPUTER; FURTHER, THE DEFENDANT SHALL NOT POSSESS OR USE A COMPUTER WITH ACCESS TO ANY ON-LINE COMPUTER SERVICES AT ANY LOCATION (INCLUDING EMPLOYMENT), WITHOUT THE PRIOR APPROVAL OF THE U.S. PROBATION OFFICER. THIS INCLUDES ANY INTERNET SERVICE PROVIDER, BULLETIN BOARD SYSTEM OR ANY OTHER PUBLIC OR PRIVATE COMPUTER NETWORK.**

DEFENDANT: **KENELY TESTAMARK**
CASE NUMBER: 0:00CR06121-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .  $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| Totals: | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **KENELY TESTAMARK**
CASE NUMBER: **0:00CR06121-001**

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

### OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:    **18**

Criminal History Category:    **I**

Imprisonment Range:    **27 TO 33**

Supervised Release Range:    **2 TO 3**

Fine Range: $ ___6,000.00___ to $ ___60,000.00___

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

### OR

☒ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☒ for the following specific reason(s):

**BASED ON THE DEFENDANT'S SIGNIFICANTLY REDUCED MENTAL CAPACITY WHICH MAY HAVE CONTRIBUTED TO THE INSTANT OFFENSE, INCARCERATION IS NOT NEEDED TO PROTECT THE PUBLIC.**